UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BENJAMIN WHITFIELD,

    *Plaintiff*,

v.                                         CASE NO. 4:14CV316-MW/CAS

PHILIP D. MANI, ET AL.,

    *Defendants.*

_____/

**ORDER ON REPORT AND RECOMMENDATION**

This Court has considered, without hearing, the Magistrate Judge's Second Report & Recommendation ("R&R"), ECF No. 56, the objections thereto filed by Defendants, ECF No. 59, and Plaintiff's response to those objections, ECF No. 60. The R&R is largely adopted as this Court's opinion, with the following exception.

The Magistrate recommends that summary judgment be denied as to Plaintiff's claims of First Amendment retaliation brought against Defendants Clark, Holbrook, and Phillips. ECF No. 56, at 39. Defendants object that Plaintiff's retaliation claims must fail because he did not engage in speech protected by the First Amendment. ECF No. 59, at 4. The gist of Defendants' argument is that Plaintiff's grievance—which concerned a correctional

1

officer groping Plaintiff during a pat search—was false, frivolous, and made in bad faith, and therefore unprotected speech. *Id.*

In support of their contention that Plaintiff's grievance was false and made in bad faith, Defendants note that Plaintiff stated at his deposition that he didn't "think [the genital touching] was intentional" and that the officer had "inadvertently brushed" his genitals. *Id.*; ECF No. 36-6, at 6. In the grievance itself, Plaintiff claimed that the officer "sexually groped" him and "caressed" him. ECF No. 36-8, at 1. According to Defendants, Plaintiff's later deposition testimony shows that his grievance contained unprotected false speech.[1]

Defendants' argument ignores something important about what it means to make an allegation in "bad faith." The grievance represents Plaintiff's impression of the pat search incident as of January 24, 2014—one day after the incident—whereas his deposition testimony represents his impression of the incident as of May 12, 2015. It is entirely reasonable to think that Plaintiff truly believed that the officer's touching of his genitals during the pat

---

[1] The R&R says that "[i]t is undisputed that Plaintiff engaged in constitutionally protected speech when he filed [the] grievance[]" concerning the sexual groping, ECF No. 56, at 32 n.23, but Defendants do, in fact, dispute this, *see* ECF No. 36, at 21–22.

2

search was "sexual groping" in the immediate aftermath of the incident, but that he changed his mind in time. It doesn't really matter for purposes of the First Amendment retaliation analysis whether it's objectively true that the officer sexually groped Plaintiff; what matters is whether Plaintiff *thought* that's what happened when he filed his grievance. Viewing the evidence in the light most favorable to Plaintiff, it's impossible to say that he knowingly made a false statement in his grievance, and so Defendants are not entitled to summary judgment. The R&R therefore reached the right conclusion.

Accordingly,

**IT IS ORDERED:**

1. The Report & Recommendation, ECF No. 56, is **ACCEPTED** and **ADOPTED** as this Court's opinion, with the exception discussed above. Defendants' Objection ECF No. 59, is **OVERRULED**.

2. Defendants' Motion for Summary Judgment, ECF No. 36, is **GRANTED in part** and **DENIED in part**. Plaintiff's First Amendment retaliation claims are **DENIED** as to Defendants Clark, Holbrook, and Phillips, but otherwise

**GRANTED**. Plaintiff's Motion for a Temporary Restraining Order, ECF No. 54, is **DENIED**. This case is **REMANDED** to the Magistrate Judge for additional proceedings prior to setting the case for trial. Insofar as this Court grants summary judgment as to some claims, this Court does not enter judgment pursuant to Federal Rule of Civil Procedure 54(b).

**SO ORDERED on March 22, 2016.**

                                      <u>s/Mark E. Walker</u>
                                      **United States District Judge**